IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIRST SECURITY BANK OF**
**NEW MEXICO, N.A.,**

    **Plaintiff,**

                                No. CIV 94-1464 LH/WWD

v.

**PANAMERICAN BANK; 1ST STATE**
**INVESTMENT CO., INC.; MATHER**
**FEDERAL CREDIT UNION; and JOHN**
**P. McGOVERN FOUNDATION.**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on First Security Bank's Motion to Stay Amended Final Order Entered March 5, 1998 (Docket No.201). The Court has considered briefs of all parties and concludes that First Security Bank's motion shall be **granted**. Specifically, enforcement of this Court's March 5, 1998 Amended Final Order (Docket No. 200) is **stayed without bond.**

Under Federal Rule of Civil Procedure 62(d), an appellant is entitled to stay the execution of a money judgment if it posts a supersedeas bond.[1] FED. R.CIV. P. 62(d). "[T]he purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution and ... a full

---

[1] Federal Rule of Civil Procedure 62(d) states in pertinent part that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay ....The bond may be given at or after the time of filing the notice of appeal .... The stay is effective when the supersedeas bond is approved by the court." FED. R.CIV.P. 62(d).

1

supersedeas bond should be the requirement in normal circumstances." *Miami Int'l. Realty Co. v. Paynter*, 807 F.2d, 871, 873 (10th Cir. 1986). The district court has inherent discretion in setting a supersedeas bond and should waive this requirement only when the appellant objectively demonstrates good cause for doing so. *Id*. *See, Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1559 (10th Cir. 1996).

The Seventh Circuit has listed several specific factors indicating whether equitable principles support waiver of the supersedeas bond requirement, that may be considered by the Court. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). These factors are:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence the court has in the availability of funds to pay the judgment; (4) whether defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendant is in such a precarious financial situation that the requirement of posting a bond would place other creditors in an insecure position.

11 CHARLES A. WRIGHT ET AL., *Federal Practice & Procedure* § 2905 n.12 (1995) (*citing Dillon*, 866 F.2d at 904-05).

Applying the *Dillon* factors to this case, the Court notes that this litigation is between banks and that there is nothing about the first two factors which tilt the equitable scales in favor of requiring a bond.

As to the next three factors, the Court notes that the March 5, 1998 Amended Final Judgment requires First Security Bank to pay judgment to PanAmerican Bank in the principal balance amount of $336,305.17, plus interest, as specified in the Court's February 2, 1998 Order. The Amended Final Judgment further requires First Security Bank to pay judgment to 1ST State Investment in the principal balance amount of $27,325.59, plus interest as provided in the Court's February 25, 1998 Judgment. Finally, the Amended Final Judgment requires First Security Bank to

pay judgment to the John P. McGovern Foundation in the principal balance amount of $27,309.69, plus interest, as provided in the Court's February 25, 1998 Judgment.  First Security Bank has attached to its motion two exhibits which reflect that, as of December 31, 1997, it had total equity capital of $128,289,000; that its net income for 1997 was $18,496,000; and that as of December 31, 1996, its total stockholder equity was $1,140,648,000.[2]   Based on the first two figures, the ability of First Security Bank to pay these judgments that total $390,940.35 (plus interest), is plain.  The Court has a high degree of confidence that First Security Bank will have the funds available to pay the outstanding judgments against it, should the necessity remain, at the conclusion of the appellate process.  Given the undisputed values, as represented by First Security Bank , I conclude that  it  is not in a precarious financial situation, and conclude further that the cost of a bond would be a waste of money.

       **WHEREFORE,**

       **IT IS HEREBY ORDERED** that First Security Bank's Motion to Stay Amended Final Order Entered March 5, 1998 (Docket No.201) is **granted** and that enforcement of this Court's March 5, 1998 Amended Final Judgment is **stayed without bond**.

       **IT IS SO ORDERED**.

_____
**U.S. DISTRICT COURT JUDGE**

---

[2] The relevance of this last figure is disputed by PanAmerican Bank, insofar as the financial ability of First Security Bank to ultimately pay the outstanding judgment due to PanAmerican.  This is the only figure submitted to the Court that has been disputed; in reaching the conclusions contained in this Memorandum Opinion and Order, this figure has not been considered by the Court.