IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

01 MAR -1 PM 4: 23

FIRST SECURITY BANK OF
NEW MEXICO, N.A.

    Plaintiff,

v.    No. CIV 94-1464 LH/WWD

PAN AMERICAN BANK,

    Defendants,

## PANAMERICAN BANK'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

PanAmerican Bank proposes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT:

1. First National Bank of Albuquerque was the predecessor of First Security Bank.

2. In August of 1994, PanAmerican Bank initiated a wire transfer to First National Bank. A copy of the actual wire was tendered as PanAmerican Exhibit 1.

3. PanAmerican Bank's customer was CIC Capital.

4. CIC Capital had dealt with Beatrice Stonebanks, who was the sole officer and director of Benjamin Maxwell.

5. Stonebanks forged a signature of a First Security Employee and gave fraudulent instructions to CIC for wiring a $495,000 amount.

6. Stonebanks gave her own account number to CIC as the account number to which she represented First National Bank wished the money wired.

09892.00100/KPOE/185209.1

7. CIC had been told by Stonebanks that First National Bank of Albuquerque would issue a $495,000 Certificate of Deposit with an interest rate of 6.25%.

8. First National Bank had no knowledge that Stonebanks was representing that it would issue such a Certificate of Deposit and in fact, First National Bank had never authorized Stonebanks to do any of the things which she did.

9. Stonebanks forged a signature of a First Security employee on a confirmation form and gave fraudulent instructions to CIC for wiring the $495,000 to her own account. She provided the account number of her account on the confirmation, and CIC understood this number to be the Jumbo CD Account of the First National Bank of Albuquerque.

10. CIC provided wire instructions to PanAmerican Bank based upon the forged instructions given by Stonebanks.

11. PanAmerican followed the instructions given to it by CIC in sending the wire to First National.

12. The wire said on its face BTR/BNF=First National Bank of Albuquerque/ and then the account number in question.

13. BTR means that the wire transfer is a bank transfer and that the ultimate beneficiary of the wire transfer is a bank.

14. BTR means that a customer of First National Bank could not be the beneficiary.

15. BNF on such a wire describes the beneficiary and ultimate party to whom the wire transfer is to be paid.

16. The name of First National Bank of Albuquerque was inserted as the beneficiary.

17. Based on these pieces of information, the information contained on the face of the wire indicates that there are actually two beneficiaries of the wire, which is an impossibility.

18. Bobby Quintana was the First Security employee who received the wire transfer.

19. Bobby Quintana's habit was to look at the entire line which designated the destination for the wire transfer.

20. Bobby Quintana knew that BNF meant beneficiary.

21. Quintana believed that the account number listed was to credit a savings account because it starts with a 0.

22. Quintana, although deposed, could not be found by either party for trial and his deposition was admitted as evidence.

23. In his deposition, Quintana indicated he could not tell from the wire information who the beneficiary was because he understood and believed First National Bank of Albuquerque couldn't be a beneficiary because the account number was for a savings account.

24. At the time of the deposition, Quintana testified that seeing the savings account next to the words First National Bank of Albuquerque raised a question in his mind because he knew that the Bank could not have a savings account number.

25. Quintana believed that if the First National Bank had received a wire in which it were the beneficiary, GL would appear on the wire. This information did not appear in this instance.

26. Quintana had actual knowledge at the time he received the wire that it identified two different persons as the beneficiary and that he could not tell who the real beneficiary was.

27. The actual knowledge of Quintana is imputed to his employer First Security Bank.

28. Quintana knew that there was a problem with the transfer, but he did nothing to resolve the problem.

CONCLUSIONS OF LAW:

1. This matter is governed by § 55-4A-207(b)(2).

2. Since First National Bank of Albuquerque knew that the name and number identified different persons, no person had rights as a beneficiary. If no person had rights as a beneficiary, acceptance of the wire cannot occur.

3. During a different phase of this case, the Court entered on February 2, 1998, an Order for Damages in favor of Defendant PanAmerican Bank against Plaintiff First Security Bank.

4. No party has challenged the accuracy of the findings made therein.

5. Accordingly, the Court concludes that the appropriate measure of damages to PanAmerican from First Security is $495,000 plus interest at the Fed Funds Rate which is stipulated by the parties to be an average of 5.417% from August 3, 1994 until judgment (with credit to be afforded to First Security Bank of certain amounts received by PanAmerican). Such credits shall be first applied to interest with the balance being applied to principal in the amounts and as of the dates as follows:

| Principal | Accrued Interest | Date | Credit | Principal Balance |
|---|---|---|---|---|
| $495,000.00 | $902.05 | 08/15/94 | $34,000.00 | $461,902.05 |
| $461,902.05 | $1,753.62 | 09/09/94 | $2,797.08 | $460,858.59 |
| $460,858.59 | $1,749.66 | 10/04/94 | $2,544.00 | $460,064.25 |
| $460,064.25 | $4,401.55 | 12/06/94 | $81,000.00 | $383,465.80 |
| $383,465.80 | $27,893.84 | 03/29/96 | $75,054.47 | $336,305.17 |

6.    The resulting Principal Balance amount is $336,305.17 with interest on such amount at $51.07 per day from 03/29/96 to December 31, 1997, totaling $34,413.63 and with interest accruing thereafter on at 51.07% per day so that as of March 16, 2001, PanAmerican's final judgment against First Security in the total amount of $430,470.70, together with interest thereon until paid at the Fed Fund Rate of Interest specified in the N.M. Stat. Ann. § 55-4A-506(b).

7.    PanAmerican Bank is entitled to received its costs herein expended.

Respectfully submitted,

EASTHAM JOHNSON MONNHEIMER & JONTZ, P.C.

By _____
Robert A. Johnson
Attorneys for PanAmerican Bank
P.O. Box 1276
Albuquerque, New Mexico 87103
(505) 247-2315

I hereby certify that a true copy of the foregoing pleading was hand delivered to Gordon Little and mailed to John Adams this ___/___ day of F~~ebruary~~ Mar, 2001 to

_____